STATE, EX REL. W. S. McKINNEY, v. L. B. PARTRIDGE.

[FILED FEBRUARY 28, 1890.]

1. **Cities of Second Class:** JUSTICES OF PEACE. Under the provisions of an act to amend section 7 of chap. 26, Comp. Stats., approved March 21, 1889, a city of the second class in counties under township organization may elect two justices of the peace in each ward of the city.

ORIGINAL application for *mandamus.*

*Bowen & Hoeppner*, for relator.

*John A. Casto*, contra.

MAXWELL, J.

This is an application for a *mandamus* to compel the defendant, who is county clerk of Adams county, to issue a certificate of election to the relator as justice of the peace. He alleges in his petition that he is a qualified elector of the city of Hastings; that "the city of Hastings is a city of the second class having more than 5,000 inhabitants, and is governed by the laws of the state of Nebraska applicable to such cities ; that the respondent herein is the county clerk of Adams county, and whose duty it is, among other things, to issue, under the seal of said county, certificates of election to the different persons elected to the several county, precinct, and township offices at the general elections held in said county ; that the general election held in said city and county aforesaid, on the 5th day of November, 1889, among other offices to be filled and voted for at said election, was that of two justices of the peace for the district comprising the city of Hastings, in said county, and at which said election as aforesaid, the following named persons were voted for for said offices of justices of the peace in said city, to-wit: E. Hoeppner, A. C Moore, C. W. Pease, W. S. McKinney, R. R. Morledge, U. S. Rohrer, N. B. Vineyard, J. C. Williams, F. M. Alexander, Jacob Wooster, and George Haller ; that on the —— day of November, 1889, said votes, among the other votes cast at said election, were duly canvassed by the canvassing board convened for such purpose; and by which canvass it was ascertained that the vote for justices of the peace resulted as follows, to-wit:

E. Hoeppner received ..............................256 votes
A. C. Moore received .........................188 "
C. W. Pease received................................. 64 "
W. S. McKinney received............................272 "
R. R. Morledge received.............................201 "
U. S. Rohrer received................................201 "

N. B. Vineyard received..............................200 votes
J. C. Williams received................................191  "
George Haller received......:............................185  "
F. M. Alexander received.............................187  "
Jacob Wooster received.................:..................184  "
which said vote was duly certified by said canvassing board,
to this respondent, county clerk, as aforesaid. That this
relator received the highest number of votes cast at said
election for said office of justice of the peace in said city
of Hastings, and thereby became entitled to a certfiicate of
election from this respondent, and that on the 9th day of
November, 1889, this relator, in a respectful manner, applied
to this respondent, and requested him to issue to him, this
relator, a certificate of election to the office of justice of the
peace, to which he had been elected as aforesaid, and that
said respondent then and there refused, and does still refuse,
to issue such certificate to this relator, as he was and is en-
titled to under the laws of the state."

To this petition the respondent answered, in effect, that
Adams county has adopted township organization and is
divided . into sixteen townships, viz., West Blue, High-
land, Verona, Kenesaw, Wanda, Juniata, Denver, Blaine,
Hanover, Ayr, Roseland, Cottonwood, Logan, Silver Lake,
Zerd, and Little Blue, and, in addition, all that part of
the west portion of Blaine township and that part of the
east portion of Denver township, then included in the
corporate limits of the city of Hastings, was by said board
of supervisors recognized in said division as the city of
Hastings; that said city of Hastings is, and has been for
the last two years, divided into four wards, for municipal
purposes, viz., First ward, Second ward, Third ward and
Fourth ward; that in June, 1887, the board of supervisors
of said Adams county, while in regular session, divided
said city of Hastings into four election districts corre-
sponding with the ward boundaries, and named the said
election districts for election purposes as the First ward,

Second ward, Third ward, Fourth ward, and ever since then, and on the 5th day of November, 1889, said election districts and said wards have been, were, and still are as above stated, and ever since June, 1889, and on said 5th day of November, 1889, have been, were, and are recognized and used as four separate election districts; that in the fall of 1887 there were elected in each of said wards two justices of the peace to serve for two years and until their successors were elected and qualified; that the relator is and was on the said 5th day of November, 1889, and for six months prior thereto, a resident of the Second ward in said city of Hastings; that on said day, and for over six months prior thereto, A. C. Moore, C. W. Pease, and Jacob Wooster, hereinafter mentioned, were residents and duly qualified electors of the First ward of said city; that on said day, and for over six months prior thereto, R. R. Morledge and U. S. Rohrer, hereinafter mentioned, were residents and duly qualified electors of the Second ward of said city; that on said day, and for over six months prior thereto, N. B. Vineyard and George Haller, hereinafter mentioned, were residents and duly qualified electors of the Third ward of said city; that on said day, and for six months prior thereto, E. Hoeppner, J. C. Williams, and F. M. Alexander, hereinafter mentioned, were residents of and duly qualified electors of the Fourth ward of said city; that the call for the election to be held on the 5th day of November, 1889, among other things, stated: That said election was for the purpose of electing two justices of the peace in and for each of said four wards; that at said election, on the 5th day of November, 1889, aforesaid, there were cast in the First ward of said city for justices of the peace for said ward the following votes:

"For A. C. Moore, a resident of said First ward, 188 votes.

"For Jacob Wooster, a resident of said First ward, 184 votes.

"For C. W. Pease, a resident of said First ward, 62 votes.

"For E. Hoeppner, a resident of said Fourth ward, 60 votes.

"For W. S. McKinney, the relator, and a resident of said Second ward, 71 votes.

"That at said election, on the 5th. day of November, 1889, aforesaid, there were cast in the Second ward of said city for justices of the peace for said Second ward the following votes:

"For R. R. Morledge, a resident of said Second ward, 201 votes.

"For U. S. Rohrer, a resident of said Second ward, 201 votes.

"For W. S. McKinney, the relator, and a resident of said Second ward, 67 votes.

"For E. Hoeppner, a resident of said Fourth ward, 70 votes.

"That at said election on the 5th day of November, 1889, aforesaid, there were cast in the Third ward of said city for justices of the peace for said ward the following votes, viz.:

"For George Haller, a resident of said Third ward, 185 votes.

"For N. B. Vineyard, a resident of said Third ward, 200 votes.

"For W. S. McKinney, the relator and a resident of said Second ward, 80 votes.

"For E. Hoeppner, a resident of said Second ward, 72 votes.

"That at said election, on the 5th day of November, 1889, aforesaid, there were cast in the Fourth ward of said city for justices of the peace for the said ward the following votes:

"For J. C. Williams, a resident of said Fourth ward, 191 votes.

" For F. M. Alexander, a resident of said Fourth ward, 187 votes.

" For E. Hoeppner, a resident of said Fourth ward, 54 votes.

"For W. S. McKinney, the relator, and a resident of said Second ward, 54 votes; scattering, 1 vote.

"All of which will more fully appear from the certificate of this respondent, as county clerk.

" That said A. C. Moore and Jacob Wooster having received the highest number of votes cast in said First ward for justices of the peace for said ward, and being legally entitled thereto, this respondent issued to each of them a certificate of election for justices of the peace in and for said First ward; that said R. R. Morledge and U. S. Rohrer having received the highest number of votes cast in the Second ward for justices of the peace for said ward, and being legally entitled thereto, this respondent issued to each of them a certificate of election for justices of the peace in and for said Second ward ; that said N. B. Vineyard and George Haller having received the highest number of votes cast in said Third ward for justices of the peace for said ward, and being legally entitled thereto, this respondent issued to each of them a certificate of election for justices of the peace in and for said Third ward ; that said J. C. Williams and F. M. Alexander having received the highest number of votes cast in the Fourth ward for justices of the peace for said ward, and being legally entitled thereto, this respondent issued to each of them a certificate of election for justices of the peace in and for said Fourth ward."

To this answer the relator demurred, and the cause is now submitted to the court thereon.

Sec. 9 of art. 2 of ch. 14, Comp. Stats., provides that " Precinct lines in that part of any county not under township organization, embraced within the corporate limits of a city of the second class, shall correspond with the ward

48

lines in such city, and such precinct shall correspond in number with the wards of the city, and be co-extensive with the same; *Provided*, That when a ward is divided into two election districts, the precinct corresponding with such ward shall be divided so as to correspond with the election districts; *And provided further*, That no justices of the peace or constables shall be elected in such precinct; and every such city shall constitute a district for the election of justices of the peace and constables, and in every such district there shall be elected two justices of the peace and two constables at the time provided by law for the election of such officers in other districts."

In 1889 the legislature passed an act in relation to cities of the first class having less than 25,000 inhabitants which provides for two justices of the peace to be elected by the city at large. That act is not applicable to this case. In 1889 section 7 of the election law was amended as follows: "In counties not under township organization one county judge, one sheriff, one coroner, one county treasurer, one county clerk, one county surveyor, and one county superintendent of public instruction shall be elected in the year eighteen hundred seventy-nine (1879) and every second year thereafter, and in each precinct two justices of the peace and two constables shall be elected in the year eighteen hundred seventy-nine (1879) and every second year thereafter, except as hereafter in this section provided, and three judges and two clerks of election, one assessor, and one overseer of highways for each road district shall be elected in the year eighteen hundred seventy-nine (1879) and annually thereafter, and one county commisioner shall be elected annually, who shall serve three years. In counties under township organization, one county judge, one sheriff, one coroner, one county treasurer, one county clerk, one county surveyor, and one county superintendent of public instruction shall be elected at the first general election after the adoption of township organization, and every second year

thereafter.   At the first general election in each township after the adoption of township organization, one town clerk, one town treasurer, three judges and two clerks of election, one assessor, and one overseer of highways for each road district shall be elected, and annually thereafter; and two justices of the peace and two constables shall be elected at the said election and every second year thereafter, except as hereafter in this section provided; and at the said election one supervisor shall be elected in each township, and thereafter each odd numbered year in the odd numbered townships, and each even numbered year in the even numbered townships, said townships to be numbered by the county board at their first regular meeting after the passage of this act, or the subsequent adoption of township organization, as nearly as practicable, in the same manner as government sections are numbered in a government township. And at the first general election after the adoption of township organization in any county, in each city and in each village, one supervisor for every 1,000 inhabitants therein, one assessor, three judges and two clerks of election shall be elected, and* annually thereafter, and in each ward and in each village having more than five hundred (500) inhabitants, two justices of the peace and two constables shall be elected at said election and every second year thereafter."

The provisions of the act just quoted control the election of justices in cities of the second class having more than 5,000 inhabitants and they modify sec. 9, art. 2, ch. 14, of Comp. Stats.   Each city of the kind designated is entitled, therefore, to elect two justices of the peace in each ward of the city.   The words "in each ward and in each village having more than 500 inhabitants, two justices of the peace and two constables shall be elected at said election," are clear and unambiguous and were evidently intended to authorize the election of two justices of the peace in each ward of the city.

As there are four wards and such officers have been

elected in each ward of the city of Hastings, the relator was not elected justice of the peace of said city and is not entitled to the relief prayed for.

The writ is therefore denied.

Writ denied.

The other judges concur.